IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RODNEY DEES, N93497,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No.  **3:12-cv-00625-JPG-PMF** |
| | ) | |
| **ANGELA SMITH,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is the motion for summary judgment (Doc. 44) filed by defendants ANGELA McCANN (née Smith), JAMIE SISK, and PATRICK FERGUSON.  Plaintiff RODNEY DEES also filed a motion for summary judgment (Doc. 69). For the following reasons, it is recommended that the defendants' motion for summary judgment be GRANTED and the plaintiff's motion for summary judgment be DENIED.

Dees is an inmate at Pontiac Correctional Center serving a life sentence for murder. On May 15, 2012 Dees filed a civil rights lawsuit (Doc. 1) pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by prison staff while he was an inmate at Tamms Correctional Center ("Tamms"). The 28 U.S.C. § 1915A merits review (Doc. 8) held that the plaintiff articulated the following colorable claims:

> **Count 1:** Eighth Amendment claim against McCann, Sisk, and Ferguson based on excessive force,
>
> **Count 2:** Eighth Amendment claim against McCann, Sisk, and Ferguson based on deliberate indifference to medical needs.

All three defendants seek summary judgment as to Count 2. They argue that their actions did not violate plaintiff's Eighth Amendment rights and that they are entitled to qualified immunity. The defendants are not seeking summary judgment on the excessive force claim. The plaintiff's motion seeks summary judgment on both counts.

The incidents that form the basis of this litigation occurred shortly after noon on June 24, 2011 at Tamms. Tamms, now since closed, operated under strict security and disciplinary procedures. Inmates were housed in one man cells, would eat their meals in the cells, and spent the majority of their day locked in the cells. One of the few opportunities for getting out of the cells occurred when inmates were taken to the yard. The yard consisted of a concrete courtyard where inmates could get about an hour of fresh air and sunlight.

On that day in Tamms, Dees had just spent about an hour and a half in the yard. It was then time for him to return to his cell, and so Sisk and Smith arrived with the leg shackles and handcuffs. The door out to the yard includes a chuckhole where an inmate can place their hands to be cuffed or uncuffed. From outside in the yard, Dees placed his hands inside through the chuckhole to be cuffed. After his hands were cuffed, he came inside and Sisk put the leg shackles on. Dees contends that Sisk tightened the handcuffs and shackles unnecessarily tight.

After Dees was shackled and handcuffed, he was led up a flight of stairs towards his cell by Sisk and Smith. During the walk to the cell Dees was in pain and had to take "baby steps" because of the tightened shackles. Dees complained to Sisk and Smith that the handcuffs and shackles were too tight. Along the way Dees also yelled to Lieutenant Ferguson that the shackles and handcuffs were too tight. Sisk proceeded to shove Dees

forward up the stairs and the three shortly arrived at the cell. Sisk released the leg shackles and Dees then walked into the cell by himself.

When the cell door closed, Dees placed his hands through the door chuckhole so that the handcuffs could be taken off. Sisk first unlocked the handcuff from Dees' left wrist, and then at that point a struggle ensued. Dees contends that Sisk pulled his right arm out through the chuckhole and twisted it as a form of punishment. The day before this all occurred, Dees was admonished by Sisk for yelling at the guards. An inmate down the hall from Dees was a suicide risk, and Dees yelled to the guards that he thought that the inmate may be attempting suicide. Dees states that the tightened cuffs and struggle through the chuckhole were committed in retaliation for involving himself in the situation with the suicidal inmate. However, Sisk contends that Dees attempted to pull the handcuffs through the chuckhole into his cell, and Sisk pulled his arm out so that he could unlock the handcuff from Dees' right wrist.

The struggle through the chuckhole lasted between one to three minutes. With Sisk ahold of Dees' arm, Dees yelled out to Ferguson for help. Ferguson quickly arrived to defuse the situation and he unlocked the handcuff. The fracas ultimately resulted in a scratch to Dees' right wrist, a minor cut to Dees' head where his head hit the chuckhole, and a sore shoulder. There was some slight bleeding from the scratch on the right wrist and the cut to the head. After the handcuff was unlocked Dees told Ferguson that he needed to see a nurse. He also notified Smith and Sisk that he would like to see a nurse, and the nurse finally arrived at around 5:00 P.M that evening. The Nurse gave Dees some ointment, and she returned at 9:00 P.M. that same day with some Tylenol or Ibuprofen. A few days later Dees was again seen by health care staff for the sore shoulder. He was

given Motrin for the shoulder and was back to normal within a week. Approximately 11 months later on May 15, 2012, Dees filed this lawsuit. The defendants now seek summary judgment on the deliberate indifference to medical needs claim, and the plaintiff seeks summary judgment on both the deliberate indifference and excessive force claims.

Summary judgment will be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 972 (7th Cir. 2012). A genuine dispute as to a material fact exists if "a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The Eight Amendment to the Constitution prohibits the infliction of cruel and unusual punishments on prisoners. U.S. Const. amend. XIII. An inmate's punishment "must not involve the unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

In order to establish that a prison staffer's deliberate indifference to an inmate's medical needs violated the Eighth Amendment, the plaintiff must demonstrate subjective and objective elements of proof. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). The objective component is satisfied by an "objectively serious medical condition." *Id*. The condition must be "sufficiently serious or painful to make the refusal of assistance uncivilized." *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996). The subjective

component is satisfied by deliberate indifference and it requires a "sufficiently culpable state of mind." *Arnett*, 658 F.3d at 751. Deliberate indifference is a less demanding standard than purposeful, but it requires more than ordinary medical malpractice negligence. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

With all facts and reasonable inferences drawn in favor of the plaintiff, Dees fails to show that he was suffering from an objectively serious medical condition. While being deposed by counsel for the defendants, Dees remarks that the cut on his wrist was merely a "scratch" and that the injury to his head consisted of a minor cut. He also had a sore shoulder, but any soreness dissipated completely within a week. These symptoms do not appear to be "sufficiently serious or painful to make the refusal of assistance uncivilized." The Court also noted in *Cooper* that "a prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution." *Id*. The plaintiff's symptoms here appear to be exactly the kinds of conditions that the Court in *Cooper* held to not be objectively serious. And a scratch to the wrist, a minor cut to the head, and a sore shoulder are not the kinds of conditions that people typically seek medical treatment for. Thus, no reasonable jury could find that the plaintiff was suffering from an objectively serious medical condition in order to establish an Eighth Amendment violation.

Because Dees' medical condition was not objectively serious, the Court need not address whether the defendants were deliberately indifferent. However, the defendants

also assert that they are entitled to qualified immunity on the deliberate indifference to medical needs claim. In *Lee v. Young* the Seventh Circuit aptly stated the standard:

> "Qualified immunity is a defense available to government officials performing discretionary functions that affords them protection from civil liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A two-part test is used to ascertain whether qualified immunity exists. First, the plaintiff must establish that the actions of the defendant violated his constitutional rights. *Triad Associates, Inc. v. Robinson*, 10 F.3d 492, 496 (7th Cir.1993). Second, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A plaintiff must show, on some level, that a violation of this right has been found in factually similar cases, or that the violation was so clear that a government official would have known that his actions violated the plaintiff's rights even in the absence of a factually similar case. *Borello v Allison*, 446 F.3d 742, 750." *Lee v. Young*, 533 F.3d 505, 512 (7th Cir. 2008).

Here, Dees has failed to establish that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Even if Dees had suffered a violation of his constitutional rights, he would be unable to establish the second prong of the qualified immunity analysis. There appears to be a lack of case law supporting the argument that minor abrasions and a sore shoulder constitute an objectively serious medical condition for the purposes of the Eighth Amendment. Therefore, the defendants are entitled to qualified immunity, and summary judgment should be granted for the defendants on the Eighth Amendment deliberate indifference claim.

The last issue is the plaintiff's motion for summary judgment on both the excessive force claim and the deliberate indifference to medical needs claim. Because summary judgment is proper for the defendants on the Eighth Amendment deliberate indifference to medical needs claim, only the excessive force claim remains. In analyzing an excessive force claim, the Supreme Court noted that the "core judicial inquiry" is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (internal quotes omitted). Dees argues that Sisk maliciously twisted his arm as a form of punishment. This argument is disputed by the defendants. They contend that Dees attempted to pull his handcuffs into his cell in violation of prison policy, and thus the force applied by Sisk was appropriate. With all facts and reasonable inferences drawn in favor of the nonmoving party (the defendants in this instance), a genuine issue of material fact remains as to whether an Eighth Amendment violation occurred. Dees' motion for Summary judgment should be denied.

It is therefore RECOMMENDED that the defendants' motion for summary judgment on the Eighth Amendment deliberate indifference to medical needs claim be GRANTED, leaving the excessive force claim as the only surviving claim. It is also RECOMMENDED that the plaintiff's motion for summary judgment be DENIED.

SO RECOMMENDED.

DATED:  October 21, 2014  .

s/Philip M. Frazier
PHILIP M FRAZIER
UNITED STATES MAGISTRATE JUDGE