IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODNEY DEES, N93497

       Plaintiff,

vs.

ANGELA SMITH, et al.,

       Defendants.

Case No. 12-cv-00625-SMY-PMF

**MEMORANDUM AND ORDER**

       This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 81) of Magistrate Judge Philip M. Frazier recommending that the Court grant defendants' Motion for Summary Judgment (Doc. 44) and deny Plaintiff's Motion for Summary Judgment (Doc. 69). Plaintiff filed an objection (Doc. 84) to the R & R.  For the following reasons, the Court adopts the R & R and grants defendants' Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

       The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  Because Plaintiff filed an objection to the R & R, the Court will review the record *de novo*.

Dees is an inmate at Pontiac Correctional Center serving a life sentence for murder. On May 15, 2012 Dees filed a civil rights lawsuit (Doc. 1) pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by prison staff while he was an inmate at Tamms Correctional Center ("Tamms"). The 28 U.S.C. § 1915A merits review (Doc. 8) held that the plaintiff articulated the following colorable claims:

Count 1: Eighth Amendment claim against McCann, Sisk, and Ferguson based on excessive force,

Count 2: Eighth Amendment claim against McCann, Sisk, and Ferguson based on deliberate indifference to medical needs.

All three defendants seek summary judgment as to Count 2. They argue that their actions did not violate plaintiff's Eighth Amendment rights and that they are entitled to qualified immunity. The defendants are not seeking summary judgment on the excessive force claim. The plaintiff's motion seeks summary judgment on both counts.

The incidents that form the basis of this litigation occurred shortly after noon on June 24, 2011 at Tamms. Dees had just spent about an hour and a half in the yard. It was then time for him to return to his cell, and so Sisk and Smith arrived with the leg shackles and handcuffs. The door out to the yard includes a chuckhole where an inmate can place their hands to be cuffed or uncuffed. From outside in the yard, Dees placed his hands inside through the chuckhole to be cuffed. After his hands were cuffed, he came inside and Sisk put the leg shackles on. Dees contends that Sisk tightened the handcuffs and shackles unnecessarily tight. After Dees was shackled and handcuffed, he was led up a flight of stairs towards his cell by Sisk and Smith. During the walk to the cell Dees was in pain and had to take "baby steps" because of the tightened shackles. Dees complained to Sisk and Smith that the handcuffs and shackles were too

tight. Along the way Dees also yelled to Lieutenant Ferguson that the shackles and handcuffs were too tight. Sisk proceeded to shove Dees forward up the stairs and the three shortly arrived at the cell. Sisk released the leg shackles and Dees then walked into the cell by himself.

When the cell door closed, Dees placed his hands through the door chuckhole so that the handcuffs could be taken off. Sisk first unlocked the handcuff from Dees' left wrist, and then at that point a struggle ensued. Dees contends that Sisk pulled his right arm out through the chuckhole and twisted it as a form of punishment. The day before this all occurred, Dees was admonished by Sisk for yelling at the guards. An inmate down the hall from Dees was a suicide risk, and Dees yelled to the guards that he thought that the inmate may be attempting suicide. Dees states that the tightened cuffs and struggle through the chuckhole were committed in retaliation for involving himself in the situation with the suicidal inmate. However, Sisk contends that Dees attempted to pull the handcuffs through the chuckhole into his cell, and Sisk pulled his arm out so that he could unlock the handcuff from Dees' right wrist.

The struggle through the chuckhole lasted between one to three minutes. With Sisk ahold of Dees' arm, Dees yelled out to Ferguson for help. Ferguson quickly arrived to defuse the situation and he unlocked the handcuff. The fracas ultimately resulted in a scratch to Dees' right wrist, a minor cut to Dees' head where his head hit the chuckhole, and a sore shoulder. There was some slight bleeding from the scratch on the right wrist and the cut to the head. After the handcuff was unlocked, Dees told Ferguson that he needed to see a nurse. He also notified Smith and Sisk that he would like to see a nurse, and the nurse finally arrived at around 5:00 P.M that evening. The Nurse gave Dees some ointment, and she returned at 9:00 P.M. that same day with some Tylenol or Ibuprofen. A few days later Dees was again seen by health care staff for the sore shoulder. He was given Motrin for the shoulder and was back to normal within a week.

Magistrate Judge Frazier filed his R & R (Doc. 81) on October 21, 2014, in which he recommended the Court grant Defendants' Motion for Summary Judgment and deny Dees's Motion for Summary Judgment.  Specifically, Magistrate Judge Frazier noted that Plaintiff failed to provide evidence that he was suffering from an objectively serious medical condition.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The Eighth Amendment imposes liability on prison officials who "intentionally disregard a known, objectively serious medical condition that poses an excessive risk to an inmate's health."  *Gonzalez v. Feinerman*, 663 F.3d 311, 313-14 (7th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Accordingly, Plaintiff must establish he suffered from an "objectively serious medical condition" and medical officials "were aware of the serious medical need and were deliberately indifferent to it."  *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012).

To support his claim, Plaintiff must show that his condition was "sufficiently serious or painful to make the refusal of assistance uncivilized." *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996).  The evidence presented, even when viewed in the light most favorable to Plaintiff, was insufficient to create a material issue of fact as to this element.  "A prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild

4

headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution." *Id*. The plaintiff's symptoms in this case consisted of a scratch to the wrist, a minor cut to the head, and a sore shoulder. No reasonable jury could find that the plaintiff was suffering from an objectively serious medical condition in order to establish an Eighth Amendment violation.

Because the Court will adopt Magistrate Judge Frazier's recommendation to grant defendants' Motion for Summary Judgment as to Count I, the only issue remaining is Plaintiff's Summary Judgment Motion as to Count II.  In analyzing an excessive force claim, the Supreme Court noted that the "core judicial inquiry" is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).  In this case, Plaintiff claims his injuries were punishment and in violation of his Constitutional Rights.  Conversely, the defendants have presented evidence that the force applied was reasonable and in good faith to maintain or restore discipline.  Because there is an issue of material fact regarding whether the application of force was in good faith, the Court will deny Plaintiff's Motion for Summary Judgment as to Count II.  Accordingly, Count II is the only remaining Count before the Court.

For the foregoing reasons, the Court

- **ADOPTS** the R & R (Doc. 81) in its entirety;

- **GRANTS** Defendants' Motions for Summary Judgment as to Count I (Doc. 44);

- **And DENIES** Plaintiff's Motion for Summary Judgment (Doc. 69).

**IT IS SO ORDERED.**
**DATED: December 2, 2014**                           s/ Staci M. Yandle
                                                      **STACI M. YANDLE**
                                                      **DISTRICT JUDGE**