IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY DEES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 12-CV-625 –SMY-PMF |
| | ) |
| **ANGELA SMITH, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, Rodney Dees, currently incarcerated at Pontiac Correctional Center, brought this action for deprivations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff alleged that while he was incarcerated at Tamms Correctional Center, Defendants James Sisk, Angela Smith, and Patrick Ferguson utilized excessive force on him by having his handcuffs applied too tightly, cutting off circulation to his hands and causing severe pain. This matter proceeded to a two-day jury trial beginning on December 7, 2015. At trial, Plaintiff was represented by appointed counsel, Rebecca Grosser. On December 8, 2015, the jury returned a verdict for Defendants (Doc. 139). Now before the Court is Plaintiff's Motion for New Trial (Doc. 142). Defendants have filed a Response in opposition to the Motion (Doc. 143). For the foregoing reasons, Plaintiff's Motion is **DENIED**.

Under Federal Rule of Civil Procedure 59, the court has discretion to grant a new trial where the jury's verdict is against the manifest weight of the evidence or when a new trial is necessary to prevent a miscarriage of justice. *Romero v. Cincinnati, Inc.,* 171 F.3d 1091, 1096 (7th Cir.1999). A party will not be granted a new trial where the jury verdict has reasonable support in the record. *Carter v. Chicago Police Officers,* 165 F.3d 1071, 1079 (7th Cir.1998).

To satisfy the "manifest weight of the evidence" standard, a party must show that no rational jury could have entered judgment against him. *King v. Harrington,* 447 F.3d 531, 534 (7th Cir.2006).

Plaintiff's Motion raises two grounds for a new trial. First, Plaintiff asserts that "the stipulation made to the jury and jury instructions caused prejudice" and "the evidence Plaintiff admitted to his counsel was not or should have been admitted into evidence." Plaintiff does not further develop this argument, but contends that Defendants utilized excessive force and that the force was not applied in a good-faith effort to maintain or restore discipline. Essentially, Plaintiff contends that the verdict was against the manifest weight of the evidence because in his view, the jury got it wrong.

The Seventh Circuit has noted that jury verdicts deserve deference when the case involves "simple issues but highly disputed facts." *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008). In this case, it was the jury's duty to determine the credibility of the evidence, to decide whether Defendants utilized excessive force and, if so, whether the force was necessary. Here, the jury chose to believe the Defendants and concluded that the Defendants had not used excessive force. Plaintiff has not established that no rationale jury could have entered judgment against him. Accordingly, Plaintiff's first argument is rejected.

Next, Plaintiff asserts that he did not receive effective assistance of counsel through his court-appointed attorney because she failed to call members of the Tamms Correctional Adjustment Committee. Plaintiff's argument is unavailing. It is well-established that there is no constitutional right to effective assistance of counsel in a civil case and a re-trial is not a proper remedy for defective representation in a civil case. *Stanciel v. Gramley,* 267 F.3d 575, 581 (7th Cir.2001); *see also Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir.2000) (finding that ineffective assistance of counsel is not proper grounds for collaterally attacking a civil judgment). Thus, Plaintiff's second argument is also rejected.

For the foregoing reasons, Plaintiff's Motion for New Trial (Doc. 142) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 4, 2016**

    **s/ Staci M. Yandle_____**
**STACI M. YANDLE**
**United States District Judge**